# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1498 | **DATE** | 10/23/2000 |
| **CASE TITLE** | Robert B. Crudup vs. Christopher Barton, Individually, and in his official capacity as Deputy Police Chief for the City of Harvey, Illinois, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing is set for November 9, 2000 at 9:30 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment [53] is denied. Defendants' Motion to Strike Plaintiff's 12(N) Response to Defendants' Statement of Material Facts and Portions of Plaintiff's Statement of Additional Material Facts [56] is granted in part and denied as moot in part. Defendants' Motion to Bar the Opinion Testimony of David C. Thomas [37] is denied as moot. Defendants' Motion for Summary Judgment [36] is granted as to all claims against Graves in his individual capacity, but is denied in all other respects. This case is set for status on Thursday, November 9, 2000 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 4 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 61 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ROBERT B. CRUDUP, )
)
Plaintiff, )
v. )
) Case No. 98 C 1498
CHRISTOPHER BARTON, Individually, and in )
his official capacity as Deputy Police Chief for the )
City of Harvey, Illinois; NICKOLAS GRAVES, )
Individually, and in his official capacity as Mayor ) Judge Joan B. Gottschall
of the City of Harvey, Illinois, and THE CITY OF )
HARVEY, Illinois, a Municipal Corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Crudup has brought suit against the City of Harvey, Harvey's deputy police chief Christopher Barton, and Harvey's mayor Nickolas Graves. Crudup alleges that he was the victim of politically motivated harassment, and that he was arrested and prosecuted because of his support for his son, whose candidacy for alderman was opposed by Graves. Barton approached Crudup while he was sitting in a vehicle with a trailer carrying a large sign for his son's campaign and, while there is some dispute as to what was said, Crudup drove away, striking Barton's knee with the trailer. Barton followed Crudup to his home where he and other officers placed Crudup under arrest for various traffic violations and impounded the campaign vehicle. Crudup was eventually acquitted of the charges.

Crudup's first amended complaint alleges First and Fourth Amendment violations of 42 U.S.C. § 1983 against Barton (Counts I and II); claims for false arrest (Count III), false imprisonment (Count IV) malicious prosecution (Count V), and intentional infliction of

emotional distress (Count VI) against Barton; a violation of § 1983 by Graves (Count VII); a violation of § 1983 based on municipal customs, policies and practices against the City of Harvey (Count VIII); and a § 1983 conspiracy violation against Barton and Graves (Count IX). Defendants have moved for summary judgment on all counts.

## Analysis

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Defendants have moved to strike plaintiff's summary judgment response "on the ground that the response is an attempt by Plaintiff to mislead this court and to create issues of material fact by mischaracterizing the record, relying on opinion testimony regarding events about which the deponent has no personal knowledge, and relying on inadmissible hearsay." (Mtn. to Strike at 1) Defendants' motion paints with too broad of a brush in purporting to remedy Crudup's alleged evidentiary shortcomings. If Crudup's factual assertions are based on inadmissible evidence, the court will consider that in addressing those particular assertions. While certain allegations presented in Crudup's response may be stricken, the court discerns no reason to strike the response in its entirety. Accordingly, defendants' motion to strike the response is denied.

Crudup may not rely on allegations in his unverified complaint to oppose defendants'

motion for summary judgment. While declaring under penalty of perjury that a complaint's allegations are true may convert the complaint into an affidavit for purposes of opposing summary judgment, *see Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996), Crudup has not done so here. Rule 56 is clear that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party many not rest upon the mere allegations or denials of the adverse party's pleading." FED. R. CIV. P. 56(e). Because Crudup cites only his amended complaint as support for his denials of ¶¶ 17 and 25 of defendants' statement of facts,[1] those responses are struck and those paragraphs are deemed admitted.

Crudup's responses to defendants' statement of facts are also deficient to the extent that they simply refer to his statement of additional facts and response brief. An unverified statement of facts and a brief are not evidence properly offered in opposition to a summary judgment motion. In denying ¶¶ 28, 29, 30, 31, 32, 34, 35, 38, 40, 41, 43, 44, 45, 46, 47, 48, and 49 of defendants' statement of facts, Crudup relies on his "statement of additional facts Paragraph 1 through 158," and/or his "response to defendant's motion for summary judgment." Local Rule 56.1(b) requires that a party opposing summary judgment submit a "response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Blanket citations to a brief or an entire statement of facts do not suffice. Accordingly, Crudup's responses to the paragraphs listed above are stricken, and those paragraphs are deemed admitted.

---

[1] In denying ¶ 25, Crudup also cites officer Gilbert's deposition for the proposition that Gilbert "never observed any injuries to Barton's right knee, or anything he would describe as a minor injury." (Resp. to ¶ 25) Because this statement does not respond to defendants' assertion in ¶ 25 – that Barton's right knee was struck by Crudup's trailer – the court disregards it.

3

Defendants also challenge portions of Crudup's statement of additional facts on the grounds that they are supported by inadmissible evidence. Because the targeted facts are irrelevant to the court's resolution of the summary judgment motion, as set forth below, the court need not address defendants' motion to strike as it pertains to Crudup's statement of additional facts.

As for the summary judgment motion itself, defendants first argue that Graves cannot be held liable in his individual capacity because he did not participate in Crudup's arrest or direct Barton to arrest Crudup. In response, Crudup contends that both direct and circumstantial evidence implicates Graves in the violation of Crudup's constitutional rights. The court must determine whether the evidence – when viewed in the light most favorable to Crudup – establishes a link between Graves and Crudup's arrest. "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

The direct evidence consists of Graves giving Crudup a dirty look the day before the election and mumbling what Crudup understood as "Well, I'll be damned. What in the world has that guy got," referring to Crudup's campaign trailer. (Resp. at 2) Even assuming that this incident occurred as Crudup remembers, it is not evidence that Graves participated in any way in the violation of Crudup's constitutional rights. Dirty looks and vague mutterings do not violate one's constitutional rights, nor do they somehow indicate – as Crudup seems to suggest – that Graves instructed Barton to arrest Crudup, or that he was complicit in that arrest.

The circumstantial evidence is even shakier. Crudup begins with a lengthy recitation of Graves' legitimate efforts to have James Sims approved to fill the aldermanic vacancy created by

4

the death of Gloria Taylor. Graves' support for Sims – however long-standing or well-known it might have been – is a weak foundation indeed for implying that Graves participated in harassing supporters of Sims' election opponent. Crudup next focuses on the relationship between Graves and Barton, emphasizing that they have known each other for 30 years and served on the police force together. Crudup points out that Barton assumed that Graves supported Sims, and that Graves testified that he might have spoken with Barton about his support for Sims. Even if Graves and Barton were the closest of friends, and Barton was intimately familiar with Graves' support for Sims' candidacy, that is no reasonable basis for concluding that Graves was involved in Barton's arrest of Crudup.

Crudup moves on to anecdotal evidence, arguing that "[i]t is not customary for Barton to give traffic citations to individuals because he has patrolmen who do that" (Resp. at 7), but that Barton nevertheless was involved three times in the citation of Crudup supporters in the days before the election. Once again, none of the evidence suggests a link between Graves and Barton's conduct. The fact that they knew each other, or that Graves was the mayor of the town in whose police department Barton served, is insufficient. Similarly, the fact that Graves spoke with Barton about Crudup's arrest – after the arrest – does not provide a basis on which a reasonable jury could conclude that Graves was involved in the arrest.

Officer Gilbert's testimony highlights various irregularities surrounding the arrests of the Crudup supporters, but gives no indication that Graves played a role in any of the incidents. His testimony as to what he observed at the time of Crudup's arrest is certainly relevant to Crudup's claims against Barton, but the court cannot discern how it bears on the claims against Graves. Similarly unhelpful are the testimonies of aldermen Kellogg and Arrington. Kellogg testified

5

that he felt harassed in the past because of his political beliefs, and that he believes Graves and Barton were involved in that harassment. Arrington testified that the arrest of James Boone was caused by Graves because it was only three days before the campaign, and residents in the area had been responsive to Crudup's campaign literature. Besides being sheer speculation, such testimony does not implicate Graves in Crudup's arrest. The fact that Barton and Graves traveled together at other times does not mean that Graves was involved, or even knew about, the harassment and arrest of Crudup.

Robert Crudup's son, Daryl, testified that he saw Graves sitting in a police car that was stopped at a traffic light near Crudup's home, and laugh and point at Crudup's campaign vehicle as it was being towed past. If Graves saw the campaign vehicle of a political opponent – with its huge campaign sign mounted on a trailer – being towed away, it may not be surprising that he would react with a certain amount of merriment. While such a reaction may verge on the juvenile, it certainly does not give rise to a constitutional violation, nor does the fact that Graves was in a car that was driving on a street near the Crudup home when the campaign vehicle was being towed away indicate that he was complicit in the arrest.

Contrary to Crudup's insistence, this evidence is not sufficient to allow a reasonable jury to conclude that Graves knowingly participated in a conspiracy to deprive Crudup of his constitutional rights. Defendants are awarded summary judgment as to all claims against Graves in his individual capacity.

Defendants seek summary judgment on the claims against Graves in his official capacity and against the City of Harvey, arguing that there is no evidence of a municipal policy to harass supporters of Daryl Crudup. The § 1983 claims against Graves in his official capacity are

governed by the same standards as the claims against the municipality itself. *Wolf-Lillie*, 699 F.2d at 870. In order to establish liability, Crudup must show: 1) an express policy that, when enforced, caused his constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or 3) that the constitutional deprivation was caused by a person with final policymaking authority. *Baskin v. City of DesPlaines*, 138 F.3d 701, 704-05 (7th Cir. 1998).

Crudup contends that the evidence satisfies two of these standards in that Harvey had a widespread and established practice of harassing Graves' political opponents, and that Crudup's constitutional deprivation was caused by Graves, a person with final policymaking authority. The court rejects the latter assertion based on the reasoning above. Regardless of whether the mayor of Harvey has final policymaking authority, Graves cannot be considered to have caused Crudup's constitutional deprivation. There is no evidence linking Graves with Barton's decision to arrest Crudup. There is no suggestion that Barton, as the deputy policy chief, has final policymaking authority.

It is a much closer question as to whether the evidence of politically motivated harassment of Crudup supporters by Harvey officials can be considered a permanent and well settled municipal practice. Without considering Crudup's factual assertions that are subject to defendants' motion to strike, the court believes that there is enough evidence to allow the jury to decide whether Harvey had a practice of harassing the mayor's political opponents – here, Crudup – that was sufficiently established to be considered a custom or usage with the force of law. The three incidents in which supporters of Crudup were arrested in the days before the

election could lead a jury to conclude that there was a practice of harassment sufficiently widespread to give rise to § 1983 liability. The fact that multiple police officers were involved could indicate that it was not simply Barton acting alone, but that it was a broader, department-wide attempt to support Graves and his political allies. Indeed, even though the aldermen's specific allegations may be of dubious evidentiary legitimacy, their statements do reflect an apparent knowledge by policymakers that harassment of the opposition was a fixture on Harvey's political scene.

Even if there is insufficient evidence that Graves himself was involved, that does not preclude a finding that an unlawful municipal practice to harass the mayor's political opponents was firmly entrenched and acknowledged by municipal officials. "Informal actions, if they reflect a general policy, custom, or pattern of official conduct which even tacitly encourages conduct depriving citizens of their constitutionally protected rights, may well satisfy the amorphous standards of § 1983." *Wolf-Lillie*, 699 F.2d at 870. The court denies defendants' motion for summary judgment as applied to Crudup's claims against Graves in his official capacity and the City of Harvey.

Finally, defendants move for summary judgment on all counts on the ground that Barton had probable cause to arrest Crudup. According to defendants, "Barton had probable cause to believe a criminal offense occurred after Plaintiff left the parking lot" because Crudup's trailer struck Barton on the knee. (Mtn. for Summ. J. at 9) Given the evidence of previous political harassment and the evidence that Barton was driving an unmarked car, was not in uniform, did

not identify himself as a police officer when he confronted Crudup in the campaign vehicle,[2] and pulled back his jacket to reveal a gun, the jury may conclude that Crudup's decision to leave the premises was entirely reasonable and did not give Barton probable cause to arrest him. Barton's alleged traffic violations are disputed, and thus do not entitle defendants to summary judgment on the probable cause issue. Because the jury must decide whether Barton had probable cause to arrest Crudup, defendants' motion for summary judgment on this issue is denied.

## Conclusion

For the above reasons, defendants' motion to strike Crudup's summary judgment response is denied. Defendants' motion to strike Crudup's 12(N) response is granted in part and denied as moot in part. Defendants' motion for summary judgment is granted as to Crudup's claims against Graves in his individual capacity, but is denied in all other respects. Defendants' motion to bar the opinion testimony of David Thomas is denied as moot in light of Crudup's withdrawal of Thomas as an expert witness. This case is set for status on Thursday, November 9, 2000 at 9:30 A.M..

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: October 23, 2000

---

[2] While Barton testified that he identified himself as a police officer to Crudup (Barton Dep. at 102), defendants did not indicate as much in their Rule 56.1 statement of facts. Crudup testified that Barton did not identify himself as a police officer. (Crudup Dep. at 98)

9